UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN FREITAG**<br>    **Plaintiff**<br><br>        vs.<br><br>**TRANS UNION, LLC**<br>        &<br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>        &<br>**EQUIFAX INFORMATION SERVICES, LLC**<br>        &<br>**BARCLAYS BANK DELAWARE**<br>        &<br>**CW NEXUS CREDIT CARD HOLDINGS I, LLC**<br>        &<br>**JPMORGAN CHASE BANK**<br>        &<br>**MIDLAND FUNDING, LLC**<br>        &<br>**PORTFOLIO RECOVERY ASSOCIATES, LLC**<br>        &<br>**FIRST PREMIER BANK**<br>        &<br>**WELLS FARGO BANK, N.A.**<br>    **Defendants** | **Case Number**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Steven Freitag, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

1

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Steven Freitag, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and for relief from Defamation of Character.

## II. JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff, Steven Freitag (hereinafter referred to as "Plaintiff") is an adult natural person residing at 278 North Grand Street, Cobleskill, New York 12043.

5. Defendant, Trans Union, LLC (hereinafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6. Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

7. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

8. Defendant, Barclays Bank Delaware (hereinafter referred to as "Defendant Barclays"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 100 West Street, Wilmington, Delaware 19801.

9. Defendant, CW Nexus Credit Card Holdings I, LLC (hereinafter referred to as "Defendant CW Nexus"), at all times relevant hereto, is and was a limited liability company engaged in the business of consumer lending with an address of 101 Crossways Park Drive West, Woodbury, New York 11797.

10. Defendant, JPMorgan Chase Bank (hereinafter referred to as "Defendant JPMorgan"), at all times relevant hereto, is and was a limited liability company engaged in the business of consumer lending with an address of 201 North Walnut Street, Wilmington, Delaware 19801.

11. Defendant, Midland Funding, LLC (hereinafter referred to as "Defendant Midland"), at all times relevant hereto, is and was a limited liability company engaged in the business of debt collection with an address of 251 Little Falls Drive, Wilmington, Delaware 19808.

12. Defendant, Portfolio Recovery Associates, LLC (hereafter referred to as "Defendant PRA"), at all times relevant hereto, is and was a corporation engaged in the business of purchasing and collecting debt within but not limited to the Commonwealths of Pennsylvania and Virginia with a primary location of 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

13. Defendant, First Premier Bank (hereinafter referred to as "Defendant First Premier"), at all times relevant hereto, is and was a national association engaged in the business of consumer lending with an address of 601 South Minnesota Avenue, Sioux Falls, South Dakota 57104.

14. Defendant, Wells Fargo Bank, N.A. (hereinafter referred to as "Defendant Wells"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 100 N. Main Street, Winston-Salem, North Carolina 27101.

## IV. FACTUAL ALLEGATIONS

15. Defendant Barclays has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union and Experian regarding an alleged account ending in -3085*******.

16. The information furnished by Defendant Barclays and published by Defendants Trans Union and Experian is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

17. Defendant CW Nexus has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an alleged account ending in -9311**********.

18. The information furnished by Defendant CW Nexus and published by Defendants Trans Union, Experian and Equifax is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

19. Defendant JPMorgan has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an alleged account ending in -6684**********.

20. The information furnished by Defendant JPMorgan and published by Defendants Trans Union, Experian and Equifax is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

21. Defendant Midland has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendant Experian regarding an alleged account ending in -8096****.

22. The information furnished by Defendant Midland and published by Defendant Experian is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

23. Defendant PRA has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an alleged account ending in -7805**********.

24. The information furnished by Defendant PRA and published by Defendants Trans Union, Experian and Equifax is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

25. Defendant First Premier has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding alleged accounts ending in -7800********** and 7800**********.

26. The information furnished by Defendant First Premier and published by Defendants Trans Union, Experian and Equifax is and was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these accounts in his name.

27. Defendant Wells has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Experian and Equifax regarding an alleged account ending in -7442**********.

28. The information furnished by Defendant Wells and published by Defendants Experian and Equifax is and was inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

29. Defendants Midland and PRA have made false, deceptive, misleading and unfair representations in connection with the debt collection by communicating false credit information and attempting to collect an amount not authorized by any agreement creating any debt nor permitted by law.

30. In or about October 2019, Plaintiff disputed the accuracy of the trade lines of Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells with Defendants Trans Union, Experian and Equifax.

31. In his disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

32. Defendants Trans Union, Experian and Equifax each acknowledged receipt of Plaintiff's disputes.

33. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells of Plaintiff's disputes.

34. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

35. In or about November 2019, Plaintiff again disputed the accuracy of the trade lines of Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells with Defendants Trans Union, Experian and Equifax.

36. In his disputes, Plaintiff again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

37. Defendants Trans Union, Experian and Equifax each again acknowledged receipt of Plaintiff's disputes.

38. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax again notified Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells of Plaintiff's disputes.

39. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax again indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

40. In or about March 2020, Plaintiff yet again disputed the accuracy of the trade lines of Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells with Defendants Trans Union, Experian and Equifax.

41. In his disputes, Plaintiff yet again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

42. Defendants Trans Union, Experian and Equifax each yet again acknowledged receipt of Plaintiff's disputes.

43. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax yet again notified Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells of Plaintiff's disputes.

44. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax yet again indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

45. In or around August 2020, Plaintiff disputed his ownership of the alleged accounts with Defendants Midland and PRA in writing.

46. Despite Plaintiff's disputes, Defendants Midland and PRA continued to make false, deceptive, misleading and unfair representations in connection with the debt collection by communicating false credit information and attempting to collect an amount not authorized by any agreement creating any debt nor permitted by law.

47. On or about September 11, 2020, Plaintiff yet again disputed the accuracy of the trade lines of Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells with Defendants Trans Union, Experian and Equifax.

48. In his disputes, Plaintiff yet again advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these account in his name.

49. Defendants Trans Union, Experian and Equifax each yet again acknowledged receipt of Plaintiff's disputes.

50. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax yet again notified Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells of Plaintiff's disputes.

51. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax yet again indicated their intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

52. Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes.

53. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

54. Defendants Trans Union, Experian and Equifax (collectively, "the Credit Reporting Agencies") failed to maintain and follow reasonable procedures before, during and after Plaintiff's above-referenced disputes, thereby injuring Plaintiff.

55. The Credit Reporting Agencies' investigation of Plaintiff's above-referenced disputes, at best, consisted of mere parroting of information from unreliable sources, namely, Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells.

56. Following Plaintiff's above-referenced disputes, Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells failed to comply with the requirements imposed upon furnishers of information under the FCRA, thereby injuring Plaintiff.

57. As of the date of the filing of this Complaint, Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells continue to furnish credit data which is incorrect and materially misleading, and Defendants Trans Union's, Experian's and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

58. The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

59. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

60. As a result of Defendants' actions and inactions, Plaintiff's credit has deteriorated substantially, thereby causing the Plaintiff to be denied an auto loan, to be denied a credit card with Capital One Bank, to be denied a credit card with Citibank, to be denied credit with other creditors, to be forced to pay higher insurance rates, and to refrain from applying for additional credit.

61. As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

62. As a result of Defendants' actions and inactions, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

63. As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

64. As a result of Defendants' actions and inactions, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. All Parties*

65. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66. At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

67. At all times pertinent hereto, Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

68. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

69. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

70.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiff for engaging in the following conduct:

(a)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(d)     Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified.

71.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Barclays, CW Nexus, JPMorgan, Midland, PRA, First Premier and Wells are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

72.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against said Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FDCPA

*Plaintiff v. Midland Funding, LLC & Portfolio Recovery Associates, LLC*

73. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

74. At all times relevant hereto, Defendants Midland and PRA were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

75. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §1692e(2): | Character, amount, or legal status of the alleged debt. |
| §1692e(8): | Communicates false credit information |

  §1692e(10):  Any false representation or deceptive means to collect a debt.

  §1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

  §1692f(1):  Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants Midland and PRA for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. §1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT III – DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Equifax Information Services LLC & Experian Information Solutions Inc.*

 76. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

 77. Defendants Trans Union, Equifax and Experian have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

 78. Defendants Trans Union, Equifax and Experian have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

79. The inaccurate information published by Defendants Trans Union, Equifax and Experian is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

80. Defendants Trans Union, Equifax and Experian have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

81. The falsehoods within the trade lines of Barclays Bank Delaware, CW Nexus Credit Card Holdings I, LLC, JPMorgan Chase Bank, Midland Funding, LLC, Portfolio Recovery Associates, LLC, First Premier Bank and Wells Fargo Bank, N.A. constitute falsehoods concerning Plaintiff's credit history.

82. Defendants Trans Union, Equifax and Experian knew or reasonably should have known that the information regarding the trade lines of Barclays Bank Delaware, CW Nexus Credit Card Holdings I, LLC, JPMorgan Chase Bank, Midland Funding, LLC, Portfolio Recovery Associates, LLC, First Premier Bank and Wells Fargo Bank, N.A. which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

83. Defendants Trans Union, Equifax and Experian continue to publish the false and negative information within the trade lines of Barclays Bank Delaware, CW Nexus Credit Card Holdings I, LLC, JPMorgan Chase Bank, Midland Funding, LLC, Portfolio Recovery Associates, LLC, First Premier Bank and Wells Fargo Bank, N.A. on Plaintiff's credit history up through the present time.

84. Defendants Trans Union, Equifax and Experian knew that the information within the trade lines of Barclays Bank Delaware, CW Nexus Credit Card Holdings I, LLC, JPMorgan

Chase Bank, Midland Funding, LLC, Portfolio Recovery Associates, LLC, First Premier Bank and Wells Fargo Bank, N.A. on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

85. The publications of the information within the trade lines of Barclays Bank Delaware, CW Nexus Credit Card Holdings I, LLC, JPMorgan Chase Bank, Midland Funding, LLC, Portfolio Recovery Associates, LLC, First Premier Bank and Wells Fargo Bank, N.A. on Plaintiff's credit report constitute libel *per se*.

86. In addition, and despite the notices from Plaintiff, Defendants Trans Union, Equifax and Experian have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

87. The conduct of Defendants Trans Union, Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

      d.      An order directing the Defendants Trans Union, Equifax and Experian to immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

      e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: November 2, 2020**      **BY:** */s/Brent F. Vullings* _____
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com